**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
JOHNNY RAY CHANDLER, SR.,                   )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )        Civil Action No. 16-2081 (BAH)
                                            )
FEDERAL BUREAU OF PRISONS, *et al.*,        )
                                            )
                    Defendants.             )
_____     )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on the defendants' Motion to Dismiss, ECF No. 5.  For

the reasons discussed below, the motion will be granted.

**I. BACKGROUND**

At all times relevant to the complaint, the plaintiff was incarcerated at the Administrative

Maximum United States Penitentiary in Florence, Colorado ("ADX Florence").  *See* Defs.'

Mem. of P. & A. in Support of' Mot. to Dismiss ("Defs.' Mem."), Decl.  of Patrick Kissell

("Kissell Decl.") ¶ 2.  Defendant Charles Porco, the Unit Manager, Compl., ECF No. 1-1 at 2,

"was acting within the scope of his employment as an employee of the United States at the time

of the . . . incidents" alleged in the complaint, Certification, ECF No. 1-2.

According to the plaintiff, on May 26, 2016, Porco denied his request for "the privilege

of using computers to write, send and receive E-mails."  Compl.  at 2.  The plaintiff brought this

action against the Federal Bureau of Prisons ("BOP") and Porco "under the doctrine of

respondants [sic] superior" for their alleged "abuse of process" and violation of rights protected

under the Fourteenth Amendment to the United States Constitution.  *Id.* at 1.  He demands judgment in the sum of $100,000.  *Id.*

The BOP's Administrative Remedy Program is the means by which inmates may "seek formal review of any aspect of their confinement."  Kissell Decl. ¶ 4.  It "is typically a four-tiered review process comprised of an informal resolution process and then formal requests to the Warden, the Regional Director, and the Office of the General Counsel."  *Id.*  The "process is not complete until the Office of General Counsel replies, on the merits, to the inmate's [request] or if a response is not forthcoming within the time allotted for reply."  *Id.* ¶ 5.

The BOP's declarant states that, of the 25 formal complaints and/or appeals submitted by the plaintiff between May 26, 2016 and December 1, 2016, *id.* ¶ 7, none pertained to the events described in the complaint, *id.* ¶ 9.  Further, he states, only two of the plaintiff's administrative remedy requests reached the Office of the General Counsel, and "neither involves the allegations set forth in the [c]omplaint in this action."  *Id.* ¶ 8.  Based on his review of the plaintiff's requests, the declarant concludes that the plaintiff "did not exhaust his remedies as related to complaints against the defendants raised in the present case through the BOP's Administrative Remedy Program."  *Id.* ¶ 10.

The declarant "also reviewed the BOP's Administrative Tort Claims database."  *Id.* ¶ 11.  He found that the "[p]laintiff did not submit any administrative tort claims with the BOP related to the claims alleged in this litigation."  *Id.*

## II. DISCUSSION[1]

The plaintiff filed this action in the Superior Court of the District of Columbia on June 21, 2016.  The defendants removed the case on October 19, 2016, and filed their motion to

---

[1]  For purposes of this discussion, the Court presumes without deciding that the plaintiff alleges viable legal claims and that venue in this district is proper.

dismiss on December 19, 2016.  On that same date, the Court issued an Order advising the

plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of

this Court.  *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d

507, 509 (D.C. Cir. 1988).  Specifically, the Court notified the plaintiff that, if he failed to file an

opposition or other response to the defendants' motion by January 20, 2017, the Court would

treat the pending dispositive motion as conceded.  *See* D.D.C. Local Civil Rule 7(b) (permitting

court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points

and authorities).  To date, the plaintiff has not filed an opposition to the pending motion, or

requested more time to file an opposition, or advised the Court of any change of address.

Under these circumstances, the Court ordinarily would grant the defendants' motion as

conceded.  The United States Court of Appeals for the District of Columbia Circuit recently has

raised concerns about the use of Local Civil Rule 7(b) to grant an unopposed motions to dismiss.

*See Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir.

2016).  Notwithstanding the value of Local Civil Rule 7(b) as an important "docket-management

tool that facilitates efficient and effective resolution of motions," *id*. at 480 (quoting *Fox v. Am.*

*Airlines, Inc*., 389 F.3d 1291, 1294 (D.C. Cir. 2004) (additional citation omitted)), the D.C.

Circuit opined that the local rule "stands in tension with . . . Rule 12(b)(6)," *id*. at 481.

Accordingly, the Court briefly addresses the plaintiff's factual allegations and the defendants'

legal arguments.

The BOP reasonably construes the complaint as one against a federal government agency

under the Federal Tort Claims Act ("FTCA"), which allows a claimant to file a civil action for

claims of "personal injury . . . caused by the negligent or wrongful act or omission of any

employee of the Government while acting within the scope of his office or employment."  28

U.S.C. § 1346(b).  This is a waiver of the federal government's sovereign immunity, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980), and "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit," *id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The limitations under and exceptions to the FTCA require dismissal of the plaintiff's claims.  Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Here, the plaintiff does not allege that he submitted an administrative tort claim to the BOP before filing this action, and his failure to do so deprives this Court of jurisdiction.

If the Court were to conclude that the FTCA did not apply, the plaintiff's claims still would be subject to dismissal for failure to exhaust the administrative remedies available to him through the BOP's Administrative Remedy Program.  In relevant part, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted); *see Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (noting "that . . . a court may not excuse a failure to exhaust, even to take [special] circumstances into account.").  Exhaustion under the PLRA requires proper exhaustion, meaning that a prisoner must comply with procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted the prison's administrative remedies.  *See Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001).

The defendants demonstrate that none of the plaintiff's administrative remedy requests or appeals submitted by the plaintiff between May 26, 2016 and December 1, 2016 pertained to the events described in the complaint.  Kissell Decl. ¶¶ 7-9.

### III. CONCLUSION

The Court concludes that the plaintiff did not exhaust his administrative remedies under the FTCA and the PLRA prior to filing this action in the Superior Court of the District of Columbia.  Accordingly, the Court grants the defendants' motion.  An Order consistent with this Memorandum Opinion is issued separately.

DATE: February 3, 2017                                    /s/ *Beryl A. Howell*
                                                                        BERYL A. HOWELL
                                                                        United States District Judge